## Garraty's Estate.

*Testamentary guardians—Right of grandfather to appoint guardian of the estate given to grandchildren in his will—Fiduciaries Act of June 7, 1917.*

A grandfather may not appoint a testamentary guardian of the estate he bequeaths to his grandchildren unless he expressly imposes active duties upon the guardian touching the property so as to make him, in effect, a trustee or curator. Where no active duties are expressly imposed upon the guardian by the testator, none will be implied, and the appointment is a nullity. To make such implication would be in the teeth of section 59 (c) of the Fiduciaries Act forbidding an executor or trustee to be appointed guardian of a minor having an interest in the estate.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1921, No. 658.

Testator appointed his attorney his executor and his co-trustee with a trust company of the general residue of his estate for a term of five years, with directions to collect rents, income and dividends, pay taxes, charges and assessments on the property, and pay the net income to specified legatees, among whom were his grandchildren, the children of a deceased son, who were given a one-fourth interest in the property, and to whom the trustees, at the expiration of the aforesaid term of five years, were directed to convey certain real and personal property forming part of the fund. He also appointed his attorney guardian of the estates of such of his grandchildren taking under his will as might be minors at his death. He imposed no express duties touching the estates of the minors upon the guardian so appointed. The auditing judge held the appointment void and refused to recognize the appointee's approval of the trustee's account as "guardian."

*H. S. J. Sickel*, for exceptions.

HENDERSON, J., Feb. 24, 1922.—The testator has appointed his attorney as executor of his will, as co-trustee with a trust company of a trust fund for his minor grandchildren, and also as "guardian" for these minor grandchildren. The auditing judge refused to recognize his approval of the account as "guardian," and exceptions were filed to this refusal of recognition.

There is no authority for a grandfather to appoint a guardian. The right is purely statutory and is conferred on the father and in certain cases upon the mother: Mathiesen's Estate, 22 Dist. R. 481.

In the latter estate Judge Dallett said: "Where the gift, however, is to the minor absolutely and no duties are imposed upon the 'guardian' appointed by a stranger, the appointment must and will be treated as a nullity. So in Melcher's Estate, 3 Phila. 26, Thompson, P. J., declined to award to a guardian appointed by a grandfather, holding that, as the guardian had 'no beneficial interest to sustain or duty to perform,' the trust property passed to the

Garraty's Estate.

minors, 'to be received and administered by such guardian as the court may appoint.' And see Quinn's Estate, 15 Phila. 594; Darmody's Estate, 6 W. N. C. 487, and Holbrook's Estate, 18 Phila. 180, where Penrose, J., for this court said: 'It is true, where it appears that it is intended that the person erroneously designated guardian is to have the control and management of the fund, the instrument is to be regarded as creating a trust: Vanartsdalen *v.* Vanartedalen and Cornell, 2 Harris, 384; Lukens's Appeal, 11 Wright, 356; but a trust will not be implied, *ex vi termini,* from the mere appointment of a 'guardian' by one not having the power to appoint.' "

We must now apply these principles to the instant case. By the will the attorney is appointed executor, co-trustee for, *inter alia,* these minors, who are given certain income for a period of five years and then a share of the principal absolutely. The will then provides: "And I do further nominate . . . my said attorney . . . as the guardian of the estates of . . . my grandchildren. . . ."

While the grandfather might have imposed active duties upon his "guardian," he has not done so, and in their absence none will be implied. To make such an implication would also now be in the teeth of section 59 *(c)* of the Fiduciaries Act (1917), forbidding an executor or trustee to be appointed guardian of a minor having an interest in the estate.

The exceptions are dismissed and the adjudication is confirmed absolutely.